**MARCUS S. BOURASSA**
California State Bar No. 316125
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Marcus_Bourassa@fd.org

Attorneys for Defendant
GABRIEL ENCINIAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ENCINIAS,<br><br>Defendant. | CASE NO.:   17-MJ-4413-JLB-WQH<br><br>Hon. Williams Q. Hayes<br>Courtroom 14B<br>Date: December 8, 2017<br>Time: 10:00 am<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER LIFTING STAY** |

Two weeks since the Magistrate held a thorough detention hearing and set conditions of release in this case, the person charged as Mr. Encinias[1] remains detained in contravention of the Bail Reform Act and the Magistrate's order permitting his release. He remains detained as the result of a stay issued by the Magistrate on November 28, 2017. On December 1, 2017, the Court ordered both parties to file simultaneously briefing no later than close of business December 6,

---

[1] An identity hearing has not been held. Accordingly, no court has found that the person charged as Mr. Encinias who was arrested in the San Diego area is the same Gabriel Encinias indicted in New Mexico. For simplicity, and without conceding the identity of the person charged as Mr. Encinias, counsel uses "Mr. Encinias" herein to refer to the person charged as Gabriel Encinias.

2017. Mr. Encinias submits the following supplemental memorandum of points and authorities, as directed by the Court, to address the following questions:

> **QUESTION ONE**: Given that Magistrates often stay their own orders setting conditions of release, does the Magistrate possess any inherent authority to stay its own order setting conditions of release?
>
> **ANSWER**: No.  The Magistrate's inherent powers cannot circumvent the Bail Reform Act and Federal Rule of Criminal Procedure 46.
>
> **QUESTION TWO**: Does this Court have jurisdiction to resolve Mr. Encinias's motion to lift the stay?
>
> **Answer**: Yes.  Title 18 U.S.C. § 3145 does not deprive this Court of its total control over the local Magistrate.  Assuming arguendo that the filing of a § 3145 motion in the District of New Mexico deprived the Southern District of California of jurisdiction, then the Magistrate's stay was issued without jurisdiction and Mr. Encinias must be allowed to post bond.

## I. The Government's Request for a Second Stay in New Mexico Further Demonstrates How the Stay Contravenes the Timelines Set By the Bail Reform Act.

Since this Court ordered additional briefing and scheduled a second hearing this Friday, the Government has sought to prevent this Court from resolving Mr. Encinias's motion.  On December 5, 2017, it filed a motion in New Mexico asking the District Court in New Mexico to issue a second, duplicate stay of the order setting conditions of release.  *See United States v. Encinias*, Case No. 17-cr-2952-MCA, Dkt. No. 9 (D.N.M.) (hereinafter the "Motion for a Second Stay"). Specifically, the Government contends that a second stay should issue because "the issue before [this Court] will become moot." *Id.* at 3.  Relatedly, the Government acknowledges that, if the stay is lifted, his completed bond package should be approved. *Id.* ("the government expects that Defendant will be able to immediately post his bond and will be released from custody.")

At the last hearing, this Court noted the statutory requirement that any 18 U.S.C. § 3145(a)-motion be decided "promptly." However, the Government's motion for review in New Mexico remains unresolved and there has been no indication that a ruling is forthcoming. In fact, to the contrary, the Government argues in its Motion for a Second Stay that the section 3145-motion should be resolved only *after* that court orders that Mr. Encinias be "transported to the District of New Mexico by the United States Marshals Service." Mot. for Second Stay at 1.

The Government's argument in New Mexico informs the issue before this Court. By contending that Mr. Encinias must be transported to New Mexico before the motion for review can be decided, the Government has suggested potentially weeks more delay and detention. Nothing in the Bail Reform Act suggests that a defendant who is not a flight risk should be detained nonetheless for several weeks while the Government awaits a second chance to prove that detention is appropriate. Even if the New Mexico District Court resolves the motion for review in Mr. Encinias's favor, he will have been detained for weeks in San Diego as well as during his transportation to New Mexico solely because of the stay he challenges here. Such a lengthy delay and inconsequential detention hearing cannot be what Congress envisioned when it required that a detention hearing be held within three days unless good cause is shown for further delay or the defendant requests a maximum of two more days. *See* 18 U.S.C. § 3142.

## II. The Magistrate Cannot Exercise Inherent Powers In A Way That Contravenes the Bail Reform Act.

As this Court noted last Friday, courts possess certain inherent authorities to manage their cases. Sometimes courts exercise that authority by issuing a stay. Federal courts "may, *within limits*, formulate procedural rules not specifically required by the Constitution or the Congress." *United States v. Hasting*, 461 U.S. 499, 505, 103 S. Ct. 1974, 1978, 76 L.Ed.2d 96 (1983). However, a federal court's

inherent authorities are not unlimited. "Whatever the scope of this 'inherent power,' however, it does not include the power to develop rules that *circumvent or conflict* with the Federal Rules of Criminal Procedure," or a statute passed by Congress. *Carlisle v. United States*, 517 U.S. 416, 426 (1996).

*Carlisle* is instructive here. In *Carlisle*, after jury rendered a guilty verdict, the defendant filed a motion for judgment of acquittal. However, the defendant's motion was one day late. Federal Rule of Criminal Procedure 29 requires that a motion for judgment of acquittal be filed within seven days. Defendant's was filed within eight. The Government argued that it was untimely and that there had been sufficient evidence to convict the defendant. The district court decided to consider the motion and determined that the Government had failed to present sufficient evidence of the defendant's guilt. *Id.* at 418. On appeal, the defendant argued that the District Court retained *inherent* authority to consider his motion, especially given the risk that he would be unlawfully incarcerated. Addressing the defendant's argument about a court's inherent authorities, the Supreme Court reversed the district court without reaching the merits of his motion for judgment of acquittal. In doing so, the Court held that a trial court's inherent authorities cannot be exercised in contravention of Rules or statute. Where a statute requires that a timeline be followed, a court's inherent powers cannot allow a litigant to evade those requirements.[2] *Id.* at 427. Consistent with *Carlisle*, Federal Rule of Criminal Procedure 57 requires that any local rules adopted by district courts "be consistent with . . . federal statutes." Fed. R. Crim. P. 57(a)(1).

Although the stay in this case occurred in a different procedural context, the principles of *Carlisle* apply with equal force here. The issuance of a stay contravenes the timelines required by 18 U.S.C. § 3142 and annuls the

---

[2] The seven day requirement has since been deleted from Rule 29.

unambiguous requirement that a defendant "shall be released" absent a particular finding of flight risk or danger to the community. 18 U.S.C. § 3142.

As set forth in Mr. Encinias's moving papers, those statutes governing pretrial release require the parties to adhere to strict timelines. Title 18 U.S.C. § 3142 meticulously accounts for all the time a defendant should remain in custody pretrial or pending resolution of a motion for detention. It states that a detention hearing "*shall be held immediately* upon the person's first appearance *unless*" either party requests a continuance. 18 U.S.C. § 3142(f) (emphasis added). It limits the scope of any potential continuance to three days upon Government request and five days upon a defendant's request unless the moving party shows "good cause" for more delay. *Id.* The statute accounts for weekends and holidays to ensure prompt detention hearings. *Id.* ("not including any intermediate Saturday, Sunday, or legal holiday"). The statute expressly confirms that the person shall be detained during the intervening days' delay and that the person "may be detained pending completion of the hearing." *Id.* Finally, it explains the limited conditions in which the detention hearing "may be reopened." *Id.* Lest there be any doubt that Congress paid close attention to whether and when a defendant could be held in custody pretrial and for how long, 18 U.S.C. § 3142(d) explains how to handle defendants who may face other charges or deportation pretrial and permits a *maximum* of ten days detention while the Government informs other agencies or officials of the defendant's presence in federal custody. These timelines protects a "vital liberty interest," such that "[a] prompt hearing is necessary, and the time limitations of the Act must be followed with care and precision." *United States v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990).

The issuance of a stay based solely upon the filing of an 18 U.S.C. § 3145 motion for review contravenes the timeline set forth above. Pursuant to 18 U.S.C. § 3142, if the Government needs more time to prepare for a detention hearing and present information, it is permitted to request more time by showing good cause.

18 U.S.C. § 3142.  However, if the Government is able to obtain a stay of the order setting conditions of release simply by virtue of its own motion under 18 U.S.C. § 3145, the detention hearing becomes a mere formality of no consequence.  In evaluating a section 3145 motion the standard of review is *de novo*.  *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).  Thus, without showing good cause for delay or showing that it has obtained new information, the Government can ensure that a defendant remains detained for weeks while it prepares for a second attempt.  That is exactly what it has done here.  In New Mexico, the Government contends that "Judge Burkhardt was not able to consider all the information relevant to the detention decision," Mot. for Second Stay at 4.  The Government contends that it should be "able to present the [New Mexico] Court with all available information." *Id.*  However, nothing prevented the Government from presenting all available information to Judge Burkhardt.  Instead, anticipating that it could obtain a stay, the Government evidently proceeded with the detention hearing without presenting Judge Burkhardt with information it now believes was relevant.  However, at bottom, it is implausible that Congress, in setting forth such a detailed timeline for a ruling on detention, envisioned detention hearings with no legal effect.  The issuance of a stay caused such a result here indicating that the stay is in contravention of 18 U.S.C. § 3142's time-constraints and therefore cannot be based upon any inherent authority.

The fact that a motion was filed pursuant to 18 U.S.C. § 3145, does not alter the Magistrate's inherent powers or the balance struck by 18 U.S.C. § 3142.  In fact, the language of 18 U.S.C. § 3145(a)(1) suggests that Congress expressly contemplated an order of release *taking effect* while the 3145-motion is resolved.  As an initial matter, there is no requirement in section 3145 that the Government quickly file a 3145-motion.  That alone suggests that 18 U.S.C. § 3145 was not intended to alter the time-sensitive resolution of detention issues enshrined in 18 U.S.C. § 3142.  Additionally, section 3145 only contemplates "a motion for

*revocation* of the order or *amendment of the conditions of release*." 18 U.S.C. § 3145(a)(1). Thus, section 3145 contemplates that an order of release has taken effect and therefore must be "revoke[ed]" or amended. The verb *revoke* ordinarily implies something has already occurred or taken effect and must be recalled. *See Revoke*, Merriam-Webster, https://www.merriam-webster.com/dictionary/revoke (Dec. 6, 2017, 2:00 PM) (defining revoke as "1. to annul by recalling or taking back [or] 2. to bring or call back"). If Congress had expected that a Magistrate's order of release would not take effect the moment it issued, Congress would not have chosen the verb revoke. In fact, if Congress had anticipated further detention while the motion is pending, Congress could have done what it did in section 3142 and describe, in detail, the conditions under which a defendant may remain detained. Relatedly, Federal Rule of Criminal Procedure 46(a) states that 18 U.S.C. §§ 3142 and 3144 "govern pretrial release" – *not* 18 U.S.C. § 3145[3]. The conspicuous omission of section 3145 from Rule 46 further suggests that Congress intended for detention determinations to be timely made pursuant to section 3142, without reference to section 3145.

"Principles of deference counsel restraint in resorting to inherent power and require its use to be a reasonable response to the problems and needs that provoke it." *Degen v. United States*, 517 U.S. 820, 823–24 (1996) (citations omitted). Here, the Bail Reform Act passed by Congress sets forth the balance of a defendant's liberty interests with the Government's interest in detaining defendants who are a flight risk. A stay cannot issue in contravention of the balance stuck by Congress. Because the stay issued here contravenes 18 U.S.C. § 3142 and Rule 46's requirement that § 3142 govern pretrial release – the stay cannot be justified as an exercise of the Magistrate's inherent powers.

---

[3] Section 3144 governs the detention of material witnesses and is not relevant to the issue before this Court.

### III. This Court Has Jurisdiction to Provide the Remedy Sought Here.

Mr. Encinias contends that this Court can and should resolve the instant motion by lifting the stay. There is nothing to suggest that this district has been deprived of all jurisdiction over the case and, to the extent that a 3145-motion deprives this Court of jurisdiction it deprived the Magistrate of jurisdiction to issue the stay.

There is nothing in the language of section 3145 suggesting that this Court is deprived of authority over the Magistrate upon the filing of a section 3145 motion. On the contrary, by styling the request for revocation of the release order as a "motion" rather than an "appeal," Congress likely sought to avoid the jurisdictional connotations that an "appeal" implies. Such an interpretation is consistent with the necessity that Mr. Encinias's case proceed here in the Southern District of California. In fact, the Court here must retain jurisdiction over the case because an ID hearing has not yet been held. Counsel can identify no authority other than the statutes themselves that teaches which court has jurisdiction to issue or review a Magistrate's stay under the circumstances present here.

Additionally, the Magistrate's jurisdiction extends only as far as this Court's. "In vesting decision-making authority in magistrates under the Federal Magistrate's Act, 28 U.S.C. § 636, Congress was sensitive to Article III values. It emphasized that 'the magistrate acts subsidiary to and only in aid of the district court,' and that 'the entire process takes place under the district court's total control and jurisdiction.'" *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). Counsel can identify no statute requiring that detention hearings be held before Magistrates. Title 18 U.S.C. § 3142 requires a ruling by "a judicial officer." This District permits Magistrates to preside over detention hearings and permits them to act as a subsidiary of the District Court which promulgated the local rules pursuant to Federal Rule of Criminal Procedure 57(b).

In its motion requesting an identical stay from the District Court of New Mexico, the Government does not address which court has jurisdiction to issue or review such a stay; however, by seeking a duplicative stay, the Government appears to have implicitly acknowledged that the stay currently in effect may have been improvidently issued.

The Magistrate issued a stay in this case one day *after* the 3145-motion was filed. Thus, if the filing of that 3145-motion affected jurisdiction in the Southern District of California, it similarly affected the Magistrate's jurisdiction to issue the stay in the first place. That stay remains in effect as the result of the Magistrate's exercise of this Court's authority. It is the legal equivalent of an order by this Court. If this Court determines that it was issued without jurisdiction, this Court retains inherent authority to withdraw its own stay.

## IV.     **CONCLUSION**

For the reasons set forth above, the Magistrate's issuance of a stay in this case should be reversed or the stay annulled. This Court should lift the stay as improvidently granted because it was either inconsistent with the Bail Reform Act or issued without jurisdiction. The Magistrate's November 22, 2017 order setting conditions of release should be permitted to take effect.

Respectfully submitted,

Dated:  December 6, 2017

*s/ Marcus S. Bourassa*
Federal Defenders of San Diego, Inc.
Attorneys for Defendant
GABRIEL ENCINIAS
Email:  Marcus_Bourassa@fd.org

## **CERTIFICATE OF SERVICE**

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

   Karla Davis
   Assistant U.S. Attorney

                                         Respectfully submitted,

Dated:  December 6, 2017          *s/ Marcus S. Bourassa*
                                         Federal Defenders of San Diego, Inc.
                                         Attorneys for Defendant
                                         GABRIEL ENCINIAS
                                         Email:  Marcus_Bourassa@fd.org