**MARCUS S. BOURASSA**
California State Bar No. 316125
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Marcus_Bourassa@fd.org

Attorneys for Defendant
GABRIEL ENCINIAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>GABRIEL ENCINIAS,<br><br>               Defendant. | CASE NO.:   17-MJ-4413-JLB-WQH<br><br>Hon. Williams Q. Hayes<br>Courtroom 14B<br>Date: December 8, 2017<br>Time: 10:00 am<br><br>**DEFENDANT'S RESPONSE TO THE UNITED STATES' MEMORANDUM REGARDING INHERENT AUTHORITY AND JURISDICTION** |

As ordered by this Court, the person charged as Gabriel Encinias submits this memorandum of points and authorities in response to the Government's December 6, 2017 briefing.

**I.   THE MAGISTRATE'S STAY WAS NOT INTENDED TO FACILITATE THE EFFICIENT MANAGEMENT OF CASES ON THE DOCKET.**

The three authorities cited by the Government for the proposition that the Court has inherent authorities to issue a stay are irrelevant to this case. All of the cases cited by the Government stand for the unremarkable proposition that a court may issue a stay "to control the disposition of the causes on its docket *with economy of time and effort* for itself, for counsel, and for litigants." *Landis v. North*

1 *American Co.*, 299 U.S. 248, 255 (1936) (emphasis added).  In other words, as set forth in those opinions, a court may manage its docket and stay proceedings where doing so will result in more *efficient* resolution of the issues presented.  *See id.* at 256 (initial civil case could be stayed if resolution of a separate civil case first would settle or simplify the stayed dispute); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979) (arbitration act *required* stay of certain claims and others could be similarly stayed if district court found that resolution of arbitration first would result in more efficient determination of the whole case); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (*reversing* the issuance of a stay where possible efficiency gains could not outweigh the risk of ongoing and future harm if proceeding was delayed).  However, the Magistrate's stay in this case had nothing to do with the court's efficient management of its docket.

The cases cited above and drawn from the Government's brief have no bearing on the question here.  The authorities upon which the Government relies are civil cases discussing how civil disputes can be most efficiently resolved by courts.  However, the efficient resolution of civil disputes has no bearing upon the Magistrate's stay in this case.  Here, the Magistrate's stay was not predicated upon any potential gain in efficiency.   Neither the Government nor the Magistrate asserted that it would be more efficient to continue to detain Mr. Encinias and transfer him in-custody to New Mexico than to release him, as ordered, on bond.  Nor could the Government support such an argument, which would be utterly inconsistent with Mr. Encinias's statutory right to be released unless he is adjudicated a flight risk.  After the Magistrate issued an order granting bond on November 22, 2017, the only matter remaining on the Magistrate's docket in this case was an ID hearing.  No party contends that the section-3145-motion filed in the District of New Mexico had any bearing upon the ID hearing here, but as a result of the stay the ID hearing has been twice delayed.  At bottom, the Magistrate's stay could not possibly have effectuated a more efficient resolution of

1 the matters before the Magistrate.  No one ever argued a stay would be more
2 efficient than allowing Mr. Encinias to post-bond, nor did the Magistrate grant a
3 stay on that basis.
4      More fundamentally, for the reasons set forth in more detail in Mr. Encinias's
5 supplemental memorandum, no court can exercise its inherent powers in a manner
6 that contravenes a statute or rule of procedure.  Here, the issuance of the stay
7 contravenes 18 U.S.C. § 3142 and Federal Rule of Criminal Procedure 46.  Thus,
8 even if the Government's authorities suggested a stay was possible here, their
9 silence about how a stay interacts with the Bail Reform Act renders them
10 unpersuasive.
11      Mr. Encinias does not contest that courts have *some* inherent authority to
12 issue stays, but, as the Government's authorities illustrate, that authority is limited
13 to particular situations.  Indeed, assuming arguendo the stay does not contravene
14 the Bail Reform Act, a stay based upon the court's inherent authority cannot be
15 exercised for one party as a matter of right.  As set forth in more detail in Mr.
16 Encinias's initial moving papers, the exercise of a court's inherent authorities is
17 ordinarily guided by particular considerations.  *See Lockyer*, 398 F.3d at 1112
18 (reversing the issuance of a stay where it created a risk of "ongoing and future
19 harm" by delaying a case seeking injunctive relief); *Hilton v. Braunskill*, 481 U.S.
20 770, 776 (1987) (discussing the *four factors* to be considered before staying a
21 successful habeas petitioner's release); *United States v. Collette*, 892 F. Supp. 232,
22 233 (D. Alaska 1995) (applying the *Hilton* factors to the issuance of a stay pending
23 a criminal-appeal).  Those factors weighed in favor of denying a stay.  The issuance
24 of the stay here causes concrete and ongoing harm to Mr. Encinias.  Although he is
25 presumed innocent and has been deemed sufficiently reliable to warrant release on
26 bond, he remains incarcerated.  The Government has never articulated an
27 irreparable injury that result if the stay had not issued.  The considerations normally
28 used to guide a court's discretion to grant a stay were not properly weighed here.

1  The Magistrate indicated that she did not find them to be conclusive and did not evaluate whether they weighed in favor of a stay or against. Accordingly, even if a stay *could* issue without running afoul of the Bail Reform Act, the Magistrate's failure to consider the proper factors should warrant reversal.

The Government's brief fails to address any of these issues, first raised in Mr. Encinias's moving papers. The Government does not argue that the stay was consistent with the Bail Reform Act. It does not argue that the Magistrate weighed the proper considerations in granting a stay. Instead, the Government asserts that a court can issue a stay to efficiently manage its docket. On that the parties agree; however, it is of little import to this Court's ruling.

## II. TORRES DOES NOT INFORM THE COURT'S JURISDICTIONAL QUESTION.

The Government relies upon a single, out of circuit authority for its contention that a section 3145 motion deprives this District of jurisdiction over Mr. Encinias's case.[1] That case, *United States. v. Torres*, 86 F.3d 1029 (11th Cir. 1996), has no bearing upon the Court's jurisdictional question here. Furthermore, assuming arguendo that *Torres did* bear upon the Court's jurisdiction here, it would counsel the remedy Mr. Encinias seeks – an annulment of the Magistrate's stay – because it would mean that the Magistrate was similarly deprived of jurisdiction to issue the stay.

In *Torres*, a divided panel of the Eleventh Circuit grappled with a very different procedural question than the one presented here. In that case, a defendant

---

[1] Elsewhere in its brief, the Government appears to concede that this Court has jurisdiction to resolve the matter before it:

> 18 U.S.C. § 3145(a) gives this Court, as the 'court having original jurisdiction,' the authority to revoke the magistrate judge's order of release. The authority to revoke the order must also inherently include the authority to stay enforcement of the order.

Government's Brief, dkt. 20 at 3. Counsel assumes that the preceding language was left in the Government's brief in error. It appears to have been drawn from a brief filed in New Mexico.

was arrested in the Southern District of Florida pursuant to an arrest warrant issued from the Southern District of Texas. *Id.* at 1030. The Magistrate ordered his removal to Texas, either because he waived an ID hearing or because an ID hearing had been held; the Magistrate imposed conditions of release; and the Magistrate stayed its removal order for a couple of weeks so that the defendant may have an opportunity to post-bail before the Marshals transported him in-custody as ordered. *Id.* The Government filed an 18 U.S.C. § 3145 motion for revocation of the bond order in *both* district courts. *Id.* The District Court for the Southern District of Florida dismissed the Government's duplicate motion, finding that 18 U.S.C. § 3145 required that such a motion be brought in Texas. *Id.* The Eleventh Circuit affirmed the dismissal. *Id.*

Here, in contrast to *Torres*, there has been no identity hearing to determine whether the person charged as Mr. Encinias in San Diego is the same person indicted in New Mexico. Accordingly, in contrast to the issue in *Torres*, this district *must* retain jurisdiction over his case. Additionally, there has been no duplicative section 3145 motion in this case. Title 18 U.S.C. § 3145 governs where a motion for revocation of a release order should be filed, but it does not preclude the Court where a defendant remains in custody from evaluating whether its own Magistrate's order setting conditions of release should take effect. *Torres* stands for the proposition that the Government could not file a section 3145 motion in two places and that the statute required such a motion to be filed in the district where the arrest warrant issued. The question before this Court is whether the local Magistrate has issued a lawful stay and whether Mr. Encinias has been lawfully detained in San Diego while he awaits his identity hearing in San Diego. Mr. Encinias's motion, in contrast to a 3145 motion that must be filed in New Mexico, *does not* request that the order setting bond be revoked. Like the question of identity, the questions presented by Mr. Encinias's motion are not governed by 18 U.S.C. § 3145. Accordingly, the holding of *Torres* adds little of import here.

1       Title 18 U.S.C. § 3145 requires that a motion for revocation of an order of
2 release be filed in a particular place – nothing more. The statute is silent with regard
3 to jurisdiction. It is silent in regard to a stay. It does not purport to be an appeal
4 that could deprive a court of authority to proceed. Nothing in the language of 18
5 U.S.C. § 3145 purports to deprive this Court of its authority to manage affairs
6 before the local Magistrate *except* insofar as it requires that a motion for revocation
7 be filed elsewhere. In *Torres* the Government's duplicate motion ran afoul of that
8 limited application of section 3145. Here, there is no similar issue. At bottom, 18
9 U.S.C. § 3145 does not alter this Court's continuing jurisdiction over Mr.
10 Encinias's case. His case *must* proceed here for an ID hearing. This Court is more
11 familiar with the local Marshals who currently hold Mr. Encinias in-custody. Had
12 the Magistrate not issued the stay, it would be the Magistrate here who evaluated
13 Mr. Encinias's bond package. The District of New Mexico has no hand in those
14 matters or this one.

15       To the extent the Court finds *Torres* persuasive here, it militates in favor of
16 annulling the Magistrate's stay nonetheless. As explained in Mr. Encinias's
17 supplemental memorandum, jurisdiction cuts against both parties here because the
18 local Magistrate issued the stay in this case *after* the 3145 motion was filed. As the
19 *Torres* court observed, in that case, the defendant was detained in Florida by virtue
20 of an "automatic stay" provision of the Florida district's local rules. The *Torres*
21 court noted that the application of said stay was of "dubious applicability . . . given
22 the fact that the district court had no jurisdiction over the Government's appeal."
23 *Id.* n.1.

24       Similarly here, if this Court finds that it lacks jurisdiction because a section
25 3145 motion has been filed in New Mexico, then the stay issued by the Magistrate
26 – like the automatic stay in *Torres* – will have issued without jurisdiction.
27 However, this Court should not permit the local Magistrate to act without
28 jurisdiction. "In vesting decision-making authority in magistrates under the Federal

Magistrate's Act, 28 U.S.C. § 636, Congress was sensitive to Article III values. It emphasized that 'the magistrate acts subsidiary to and only in aid of the district court,' and that '*the entire process takes place under the district court's total control and jurisdiction.*'" *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991) (emphasis added). Accordingly, if this Court finds that the section 3145 motion deprived this district of jurisdiction, this Court should hold that the local Magistrate may not issue such a stay for lack of jurisdiction. The district court should act to prevent the practice here from recurring in other cases by issuing a ruling that would inform jurisdictional concerns about this district's customary issuance of such stays.

Ultimately, for the reasons set forth in Mr. Encinias's moving papers, his supplemental memorandum, and this responsive memorandum, this Court should lift the stay which continues to unlawfully detain Mr. Encinias.

Dated:  December 7, 2017

*s/ Marcus S. Bourassa*
Federal Defenders of San Diego, Inc.
Attorneys for Defendant
GABRIEL ENCINIAS
Email:  Marcus_Bourassa@fd.org

## CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Karla Davis
Assistant U.S. Attorney

Respectfully submitted,

Dated: December 7, 2017     *s/ Marcus S. Bourassa*
Federal Defenders of San Diego, Inc.
Attorneys for Defendant
GABRIEL ENCINIAS
Email: Marcus_Bourassa@fd.org